GENERALE BANK, NEW YORK
BRANCH, Plaintiff,

v.

Mahmood CHOUDURY, Defendant.

No. 91–CIV–1769 (LJF).

United States District Court,
S.D. New York.

Oct. 9, 1991.

Jaffe and Asher by Ira N. Glauber, New York City, for Generale Bank, New York Branch.

Kassab Archbold Jackson O'Brien & List by Kevin W. Gibson, Media, Pa., for Mahmood Choudury.

## OPINION AND ORDER

FREEH, District Judge.

Defendant Mahmood Choudury has moved the Court to dismiss this action for lack of personal jurisdiction, or, in the alternative, for a transfer to the United States District Court for the Eastern District of Pennsylvania. Plaintiff Generale Bank ("Generale") opposes the motion to dismiss and has filed a cross-motion for summary judgment. For the reasons stated below, Choudury's motion to dismiss is granted. Accordingly, we need not address Generale's motion for summary judgment.

## FACTS

In March 1989, Choudury, a Pennsylvania resident, purchased an interest in a New York-based limited partnership, Southampton Resort Co-op Associates, from a "financial counselor," Mark Katzoff. The parties agree that all negotiations between Katzoff and Choudury occurred in Pennsylvania and that all partnership-related documents were signed by Choudury in Pennsylvania. Choudury claims that he understood the transaction to require only a $10,000 cash contribution from him. However, among the documents signed by Choudury were two promissory notes (the "Notes"), under which he was obligated to pay the partnership or its lending institution, U.S. Note Corporation, the $90,000 still owed for his partnership interests.

At some later date, Generale purchased the Notes from U.S. Note Corporation. After making one payment of $3,302.50 under each of the Notes, Choudury has refused to pay any further installments due, prompting this action.

## DISCUSSION

Choudury contends that his contacts with New York State were insufficient to establish personal jurisdiction in this Court. Specifically, Choudury argues that a single contract with a nonresident party does not automatically confer jurisdiction in the proposed forum state. Because his contact with New York was limited to investment in a New York-based limited partnership and a single payment to a New York-based lender, Choudury claims that it is unfair for New York courts to exercise jurisdiction over him. Generale disagrees, claiming that Choudury expressly consented to the jurisdiction of this Court and that, in any event, Choudury's "purposeful contacts" with New York permit us to hear this action.

In diversity actions such as this, questions of personal jurisdiction are determined by the law of the forum state. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). Thus, Generale argues that this Court has personal jurisdiction over Choudury pursuant to CPLR 302(a)(1), which provides that a court may exercise jurisdiction over a non-New York domiciliary "who in person or through an agent ... transacts any business within the state." Under this section of the New York long-arm statute, the cause of action must arise from the acts which form the basis for the allegation that the defendant transacts business within the state. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir.1983). While a defendant need not be physically present in the state to be subject to the jurisdiction of the New York courts, *Parke–Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 308 N.Y.S.2d 337, 340, 256 N.E.2d 506 (1970), the defendant must engage in "purposeful acts ...

in New York ... in relation to the contract." *Sterling National Bank & Trust Co. v. Fidelity Mortgage Investors*, 510 F.2d 870, 873 (2d Cir.1975).

Generale relies on *First City Federal Savings Bank v. Dennis*, 680 F.Supp. 579 (S.D.N.Y.1988), to argue that investment in a New York business venture, execution of a promissory note payable in New York, and payment of installments under that note are sufficient to satisfy the requirements of CPLR 302(a)(1). However, Guaranty misreads the *Dennis* case. It is well-established under New York law and in this Court that even if New York is the site for payment on a promissory note, that designation, standing alone, is insufficient to permit New York courts to exercise jurisdiction over the defendant. *See Plaza Realty Investors v. Bailey*, 484 F.Supp. 335, 345–46 (S.D.N.Y.1979) (and cases cited). *Dennis* recognizes this basic rule, quoting the court's statement in *Plaza Realty* that "a nonresident payor on a promissory note made payable in New York must have engaged in additional activities in New York to be subject to jurisdiction here in an action on the promissory note." 680 F.Supp. at 584.

Generale has not demonstrated that Choudury engaged in any "additional activities" in New York. Generale's central claim—that Choudury agreed to make payments in New York—is questionable because Choudury claims he never even knew the documents he was signing were loan agreements. In any event, even if Choudury did agree to pay the installments in New York, without more that agreement does not establish jurisdiction. Accordingly, the action is dismissed for lack of personal jurisdiction.[1]

SO ORDERED.

---

1. Generale also claims that Choudury consented to this Court's jurisdiction. Putting aside Chou-

---

dury's disclaimer that he did not knowingly sign the consent to jurisdiction, the Supreme Court has held that in order for waivers of personal jurisdiction to be enforceable, forum selection provisions must be "freely negotiated." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 2182 n. 14, 85 L.Ed.2d 528 (1985) (*quoting M/S Bremen v. Zapata Off–Shore Co.,*

407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972)). In the absence of any evidence that the terms of the Notes, Investor Note Security Agreement and Estoppel Letters relied upon by Generale were negotiated by the parties, we decline to find that Choudury waived any rights here.