**GENERALE BANK, NEW YORK BRANCH, Plaintiff,**

**v.**

**Mahmood CHOUDHURY, Defendant.**

**No. 91–CIV–1769 (LJF).**

United States District Court, S.D. New York.

Nov. 22, 1991.

Jaffe and Asher by Ira N. Glauber, New York City, for Generale Bank, New York Branch.

Kassab Archbold Jackson O'Brien & List by Kevin W. Gibson, Media, Pa., for Mahmood Choudhury.

## OPINION AND ORDER

FREEH, District Judge.

On October 9, 1991, this Court granted defendant Mahmood Choudhury's ("Choudhury") motion to dismiss this action for lack of personal jurisdiction. 776 F.Supp. 123. Pursuant to Local Rule 3(j), plaintiff Generale Bank ("Generale") moved to reargue the matter, which motion was granted on October 28, 1991. The Court having reviewed the parties' supplemental briefs and the recent cases of the United States Supreme Court, defendant's motion to dismiss for lack of personal jurisdiction is now denied.

## FACTS

The facts of this case were set out in the Court's October 9th opinion, and will not be repeated here. Suffice it to say that defendant Choudhury, a Pennsylvania resident, signed two promissory notes which obligate him to pay some $90,000 to the lender or its assignee, Generale. When Choudhury defaulted on those notes, Generale brought this action. Choudhury moved to dismiss for lack of personal jurisdiction on the grounds that his contacts with New York State were insufficient to warrant an exercise of personal jurisdiction.

In its original opinion, the Court found that payments of installments due under a promissory note, without more, were insufficient contacts with the state to establish personal jurisdiction in the New York courts. (October 9, 1991 Order and Opinion at 4). The Court further found that, because the forum selection clauses contained in the numerous documents signed by Choudhury did not appear to be "freely negotiated," those clauses were not binding. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) ("Where ... forum-selection clauses have been obtained through 'freely negotiated' agreements and are not 'unreasonable or unjust,' their enforcement does not offend due process.") (*quoting The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972)). Accordingly, Choudhury's motion to dismiss was granted.

In its motion to reargue, Generale relies on *Carnival Cruise Lines, Inc. v. Shute,* —— U.S. ——, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), a recent Supreme Court case which was omitted from its prior pleadings. Because *Carnival* impacts the cases upon which the Court relied in its earlier decision, that decision must be reconsidered and now reversed.

## DISCUSSION

In *Carnival* the Supreme Court addressed the forum-selection clause contained in passenger tickets issued by the defendant cruise line. Plaintiff Eulala Shute had been injured while a passenger

on one of the defendant's ships, and filed an action against the cruise line in the United States District Court for the Western District of Washington. 111 S.Ct. at 1524. However, on the lower left hand corner of the ticket, the following statement appeared:

> It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country. [*Id.*].

Based on this language, the defendant moved for summary judgment in the Washington action. *Id.*

The District Court granted the defendant's motion on the grounds that the defendant had insufficient contacts with the State of Washington to support an exercise of personal jurisdiction. *Id.* The Ninth Circuit Court of Appeals reversed, finding sufficient contacts to justify continuing the case in Washington. *Id.* at 1525. The Court of Appeals also found that the forum selection clause was not binding because that clause had not been freely negotiated and because the plaintiffs were incapable of pursuing the litigation in Florida. *Id.*

■ The Supreme Court reversed on the forum selection issue. The Court specifically rejected the Ninth Circuit's finding that "a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining." 111 S.Ct. at 1527. Rather, the Court found that such clauses must be reviewed for "fundamental fairness." *Id.* at 1528. Factors to be considered in determining whether a particular forum-selection clause is unfair include a "bad-faith motive" on the part of the party seeking to enforce that clause, or evidence that one party "obtained [the other party's]

accession to the forum clause by fraud or overreaching." *Id.*

■ Applying these factors to this case, it is clear that Choudhury is obligated by the forum-selection clause contained in the promissory note. That clause states as follows:

> This Note shall be construed in accordance with and governed by the laws of the State of New York ... For any dispute arising under this Note or in connection herewith, the Payor hereby irrevocably submits to, consents to, and waives any objection to, the jurisdiction of the courts of the State of New York or the United States Courts for the Southern District of New York. [Reilly Aff., Ex. A at 3].

Choudhury claims that he should not be forced to litigate this action in New York because he had no notice of the forum-selection clause and because he was "fraudulently induced" to enter into the transaction. In this respect, this case is arguably distinguishable from *Carnival*, where the plaintiffs conceded that they had notice of the clause at issue. 111 S.Ct. at 1525, 1528. The notice "concession" upon which the Supreme Court relied, however, was merely a statement by the plaintiffs that "the forum selection clause was reasonably communicated to [them]" in the form passenger ticket that they had purchased. *Id.* at 1525.

Choudhury does not dispute that he signed the promissory notes, nor that he could have been made aware of the forum-selection clause had he read those documents. Choudhury merely states that he was advised by a broker that he was purchasing a limited partnership interest for cash, with no further obligations, and that he did not review the forum-selection provision of the notes. (Choudhury Aff. ¶¶ 3, 6). Given that the forum-selection clause was "reasonably communicated" to Choudhury through delivery of the promissory notes, which he signed,[1] Choudhury had constructive notice of that clause.[2]

---

1. Presumably, had Choudhury read the promissory notes and objected to the forum-selection clause, he could have "reject[ed] the contract with impunity." *Carnival*, 111 S.Ct. at 1528.

2. In support of his claim that this case should proceed in Pennsylvania, Choudhury relies on an unreported decision of the Ninth Circuit, *Safeco Ins. Co. v. Mabra*, 932 F.2d 973 (table),

Choudhury also argues that proceeding with this case in New York would be fundamentally unfair because the broker who allegedly induced Choudhury into this transaction is a key defense witness who is "not amenable to the Subpoena process" of this Court. Whether or not the broker can be subpoenaed to appear at a trial in New York, Choudhury has presented no evidence suggesting that the broker cannot be deposed as a third-party witness, or that such a deposition could not be introduced at trial.[3] Under these circumstances, Choudhury would not be denied "his day in Court" if forced to proceed here. *See Carnival,* 111 S.Ct. at 1528 (rejecting Court of Appeals' finding that the plaintiffs were incapable of trying case in Florida). In the absence of any showing that the forum-selection clause was inserted into the promissory notes in bad faith,[4] that clause will be deemed binding.

For the foregoing reasons, Choudhury's motion to dismiss for lack of personal jurisdiction is denied. Generale's cross-motion for summary judgment will be considered separately. The parties are ordered to appear for oral argument on the latter motion on *December 16, 1991 at 9:00 a.m.*

SO ORDERED.

1991 WL 73713, 1991 U.S.App.Lexis 10280. As Generale notes, however, the *Safeco* decision does not support Choudhury's claims. In *Safeco,* the Ninth Circuit affirmed the District Court's enforcement of a forum-selection clause. *Id.* 1991 WL 73713 at 1, 1991 U.S.App.Lexis at 5. While the Court did state that "fraud or overreaching remains a relevant factor," the Court found that the Mabras' claim that a third-party agent "induced" them into signing the contract was insufficient to invalidate the forum-selection clause. *Id.* 1991 WL 73713 at 1–2, 1991 U.S.App.Lexis at 4. Moreover, in *Safeco,* as here, the parties opposing the clause's application had notice that they were dealing with a non-resident party. *Id.*

**3.** Choudhury has not indicated that he intends to implead the broker as a third-party defendant here. Even if he does, however, there does not appear to be any obstacle to Choudhury protecting his rights against the broker in a separate action in Pennsylvania.

**4.** Choudhury also contends that *Carnival* should not be applied here because "this particular Plaintiff was not involved in the contract negotiations." If anything, Generale's non-participation in the original negotiations supports a finding that the forum-selection clause is binding. Not only can Choudhury not demonstrate that the original parties acted in bad faith, he has presented no evidence suggesting that, as a holder in due course of the promissory notes, Generale is not entitled to enforce the terms of those notes.