**Richard J. ZETS, Individually and as Parent & Natural Guardian of Lorelei N. Zets & Lynette Zets, Plaintiffs,**

v.

**James SCOTT, Defendant.**

**James SCOTT, Third–Party Plaintiff,**

v.

**Joseph ZETS, Third–Party Defendant.**

**Civ. No. 79–779.**

United States District Court,
W. D. New York.

Oct. 16, 1980.

children, Lorelei N. Zets and Lynette Zets, in an automobile accident occurring in the State of Pennsylvania August 21, 1977 between defendant's automobile and one owned and operated by one Joseph Zets, grandfather to the two injured minors. This action was originally commenced in Erie County Supreme Court by attachment under the doctrine of *Seider v. Roth*, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312 (1966), of defendant's policy of insurance with the Allstate Insurance Company by service of a notice of attachment on Allstate's Buffalo, N. Y. office. This action was removed to this court by petition of defendant filed October 4, 1979. Defendant subsequently moved, first, for a transfer to the Western District of Pennsylvania and, after the decision of the United States Supreme Court in *Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980), for dismissal on the grounds that this court lacked *in personam* jurisdiction over him. These decisions were argued before me April 14, 1980 and decision was reserved. Subsequently defendant filed a third–party complaint against Joseph Zets, the driver of the car in which the injured minors were riding. Joseph Zets responded to such third–party complaint by answer filed June 4, 1980; such answer did not raise as a defense any lack of *in personam* jurisdiction.

On the record before me, both defendant's motions must be denied. Defendant's motion to dismiss for lack of *in personam* jurisdiction must be denied because any such defense has been irrevocably waived. Lack of *in personam* jurisdiction is a disfavored defense under the Federal Rûles of Civil Procedure. Under the plain and unambiguous language of Fed.R.Civ.P. rule 12(h), such defense is waived if a preanswer motion is made without including such defense or if an answer is filed without it and such answer is not amended within twenty days to include such defense. Defendant concedes that he filed an answer without inclusion of such defense; he argues, however, that he consciously omitted such a defense because it was then without merit and that it would now be unfair and a

Jonathan D. Estoff, Buffalo, N. Y., for plaintiffs.

Philip J. O'Shea, Buffalo, N. Y., for defendant and third–party plaintiff.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an action for damages on account of personal injuries suffered by two minor

violation of due process not to allow him to amend at this time. Such contention cannot stand. It is true, as noted by defendant, that two years ago, in *O'Connor v. Lee–Hy Paving Corp.*, 579 F.2d 194, *cert. denied*, 439 U.S. 1034, 99 S.Ct. 638, 58 L.Ed.2d 696 (1978), the United States Court of Appeals for the Second Circuit determined that New York's *Seider v. Roth* attachment process was consistent with the limitations on *in rem* actions announced by the United States Supreme Court in *Schaeffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The *Lee–Hy* decision would have required me to deny defendant's motion to dismiss. However, and as noted by at least one widely–read commentator on New York practice, the constitutionality of the *Seider v. Roth* attachment procedure was placed in serious doubt by *Shaeffer v. Heitner*. Siegel, New York Practice § 105 (West 1978). Decisions of the United States Court of Appeals for the Second Circuit are not the supreme law of the land and denials of certiorari are wholly without precedential value. Defendant's counsel is an able and experienced trial counsel. Requiring the insertion of a few words in the answer raising an affirmative defense of lack of *in personam* jurisdiction, which would have preserved the issue for appeal even if initially rejected, is not a sufficiently significant burden that holding defendant to the plain meaning of rule 12(h) could be regarded as unfair or as a denial of due process. Moreover, inclusion of such defense would have put plaintiff on notice and permitted him timely to commence another action or to attempt to obtain *in personam* jurisdiction over the defendant. Defendant's conduct could easily have lulled plaintiff into a false sense of security. This, of course, is precisely the reason rule 12(h) exists. Defendant's motion to dismiss must be denied.

██ Defendant's motion for a transfer to the Western District of Pennsylvania must similarly be denied without prejudice on the present record. First, a principal basis for this motion was that defendant was unable to sue Joseph Zets, the driver of the other car, for indemnity and/or contribution.

Such grounds have been rendered moot by the filing of the third–party complaint followed by third–party defendant's appearance and implied consent to this court's jurisdiction over him. Defendant further argued that he would be unable to secure the testimony of the witnesses to the accident and of the crash scene–i.e., Joseph Zets and the two Pennsylvania police officers who investigated the accident. As Zets is now a party, this argument as to him is moot; as to the two police officers, defendant has made no showing that they reside outside the 100–mile alternative service zone of Fed.R.Civ.P. rule 45(e)(1) or that they had refused or would refuse to appear voluntarily. Inasmuch as they are police officers and the accident was investigated in the course of their employment, the absence of such consent would be surprising. If they cannot be served and refuse to appear voluntarily, defendant may move again for such transfer. Additionally, plaintiff's choice of forum, while no longer dispositive, is still entitled to great weight and, finally, attendance at this court in Buffalo would appear, on initial inspection, to require considerably less traveling for virtually everyone concerned than attendance at the United State District Court for the Western District of Pennsylvania in Pittsburgh. Unless defendant on a renewed motion shows that he is unable to procure vital witnesses, there are no factors substantially supporting a transfer, and many opposing it.

For these reasons, defendant's motion to dismiss is hereby ORDERED denied; defendant's motion to transfer this case to the United States District Court for the Western District of Pennsylvania is hereby ORDERED denied without prejudice to the renewal of such motion upon a showing that he will be unable to procure the attendance here at trial of necessary witnesses.