Daniel O'BRIEN, Individually and d/b/a Daniel O'Brien & Associates and Nutek Distributing, Plaintiff,

v.

GOLDSTAR TECHNOLOGY, INC., Defendant.

No. 92–CV–676S.

United States District Court, W.D. New York.

Feb. 8, 1993.

**384**

R. William Stephens, Raichle, Banning, Weiss & Stephens, Buffalo, NY, for plaintiff.

Robert Jay Rohrberger, Clapp & Eisenberg, Newark, NJ, for defendant.

Harry F. Mooney, Hurwitz & Fine, Buffalo, NY.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by Hon. William M. Skretny pursuant to 28 U.S.C. § 636(b)(1)(A) for all pretrial matters. Pending is Defendant's motion to transfer this case to the Northern District of California. For the following reasons, Defendant's motion is denied.

## BACKGROUND

Plaintiff is a Tonawanda, New York resident, doing business in New York and throughout the United States as Daniel O'Brien & Associates and Nutek Distributing, a computer marketing and distribution business. In November, 1990, Plaintiff became the sole representative for the marketing and distribution of a computer software package used for golf handicaps, which was developed by the United States Golf Association ("USGA"). This package, known as the Golf Handicap Information Network ("GHIN"), was marketed in combination with computer hardware manufactured by the Defendant, GoldStar Technology, Inc. GoldStar is a California corporation which, until November, 1992, had its principal place of business in San Jose, California. As of November, 1992, Defendant's principal place of business is Englewood Cliffs, New Jersey.

In August of 1990, Plaintiff and Defendant commenced discussions which led to a contract entered in November, 1990, under which Plaintiff agreed to purchase GoldStar 286 Computer Systems at $975.00 per system. Plaintiff alleges that Defendant warranted that the GoldStar hardware would be non-defective and compatible with the GHIN software. Beginning in November, 1990, Plaintiff sold several GHIN/GoldStar packages to golf clubs around the country, apparently to the purchasers' satisfaction.

In July of 1991, Defendant developed a new hardware system, referred to as Goldstar 386. Plaintiff updated the

GHIN/GoldStar package to include the 386 model for new purchasers.

After filling an initial order for twenty-five GHIN/GoldStar 386 packages for the Northern California Golf Association ("NCGA"), Plaintiff learned of problems with the compatibility of the GHIN software and the GoldStar 386 hardware. These problems could not be resolved, and Plaintiff eventually lost his position as USGA/GHIN representative.

Plaintiff filed his complaint in this diversity action on October 13, 1992, alleging breach of contract, breach of warranty and fraud. Defendant has now moved to transfer the action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ This section is a statutory recognition of the common law doctrine of *forum non conveniens*. 1A *Moore's Federal Practice*, ¶ 0.345[3.-1]. The district court has broad discretion on a transfer motion according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964); *Red Bull Associates v. Best Western International, Inc.*, 862 F.2d 963, 967 (2d Cir.1988).

■ The moving party bears the burden of demonstrating "a strong case for a transfer" by showing that, under all of the circumstances, the interests of justice and of the parties will be better served by the transfer. *Delaware Credit Corp. v. Aronoff*, 1992 WL 170896, *4 (W.D.N.Y. July 10, 1992) (Skretny, J.) (quoting *Filmline*

*(Cross–Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir.1989)); *see also Austin v. International Brotherhood of Teamsters*, 739 F.Supp. 206, 208 (S.D.N.Y.1990). However, this burden is less stringent than under the former doctrine of *forum non conveniens* since transfer under § 1404(a) does not result in dismissal. *Delaware Credit Corp. v. Aronoff, supra; Moore's, supra* at ¶ 0.345[5].

■ In ruling on a motion to transfer, the court should consider both the interest of the litigants and the public interest. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The interest of the litigants includes (1) plaintiff's initial choice of forum, (2) the convenience of the parties and the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of compulsory process for the attendance of witnesses, (4) the location of relevant documents and other tangible evidence, (5) questions as to the enforceability of a judgment if one is obtained, and (6) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.; Calavo Growers of California v. Generali Belgium*, 632 F.2d 963, 966–67 (2d Cir.1980), *cert. denied*, 449 U.S. 1084, 101 S.Ct. 871, 66 L.Ed.2d 809 (1981).

■ The public interest includes administrative difficulties that follow from court congestion, a local interest in having localized controversies decided at home, and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action. *Gulf Oil Corp. v. Gilbert, supra*, 330 U.S. at 508–09, 67 S.Ct. at 843; Moore's, *supra* at ¶ 0.345[5].

■ Defendant contends that this action belongs in the Northern District of California since the action could have been brought there,[1] and all of the events giving

---

1. 28 U.S.C. § 1391(a), the general venue statute for diversity actions, provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant

resides, if all defendants reside in same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the

rise to Plaintiff's complaint occurred in California. According to Defendant, the allegedly defective computers were manufactured by GoldStar in California, and were resold to the NCGA (located in Pebble Beach, California), which then distributed those units to affiliated golf clubs in Northern California. Furthermore, all of the individuals with whom Plaintiff communicated regarding the purchase of GoldStar equipment, and who are specifically named in Plaintiff's fraud claim, are former GoldStar employees who worked out of the San Jose offices, and who still reside there. These people, according to Defendant, are material non-party witnesses who are no longer its employees and who cannot be compelled to testify at a trial in this district. Finally, Defendant asserts that it has no assets in Western New York, and that any judgment rendered against it here could not be easily enforced.

As far as the utilization of judicial resources, Defendant argues that the congestion of this court's docket, compared to the docket of the Northern District of California, weighs in favor of transfer. According to statistics cited by Defendant, the median time from filing to disposition in the Western District of New York is 14 months, compared to 8 months in the Northern District of California.

Plaintiff opposes this transfer motion. According to Plaintiff, he would be severely prejudiced by transfer to Northern California since he lacks the personal or business assets necessary to litigate there. Plaintiff argues that Defendant is a subsidiary of a successful multinational corporation with offices in New Jersey and with substantial revenues in New York State. According to Plaintiff, several of his key non-party witnesses are USGA officials who reside in New Jersey and who will testify on crucial issues relating to the development and implementation of the GHIN software, as well as Plaintiff's relationship to USGA, which is headquartered in Far Hills, N.J.

Balancing all of these factors, I find that Defendant has failed to meet its burden of establishing a "strong case for a transfer." The plaintiff's choice of forum is entitled to considerable weight, and should not be disturbed unless the balance of the several factors is strongly in favor of the defendant. *Kolko v. Holiday Inns, Inc.,* 672 F.Supp. 713, 715 (S.D.N.Y.1987). Where the factors are equally balanced, the plaintiff is entitled to its choice of forum. *Teachers Insurance & Annuity Association of America v. Butler,* 592 F.Supp. 1097, 1106 (S.D.N.Y.1984). Further, the plaintiff's choice is generally accorded more deference where the plaintiff is a resident of the forum district. *See, e.g., AMVEST Capital Corp. v. Banco Central, S.A.,* 628 F.Supp. 1258 (S.D.N.Y.1986). Where transfer would merely shift the inconvenience from one party to the other, "the plaintiff's choice of forum should not be disturbed." *De Luxe Game Corp. v. Wonder Products Co.,* 166 F.Supp. 56, 61 (S.D.N.Y.1958).

In this case, the relative ease of access to sources of physical and documentary evidence does not weigh strongly in favor of transfer to California. Documentary evidence can readily be transported to Western New York, if necessary, and a representative Gold Star 386 unit, and a copy of the GHIN software, should be readily available for inspection or demonstration in this district.

The dispute here can be reduced to the relative convenience of the witnesses. In this regard, Defendant's argument relating to the California residents who are former employees of the Defendant is balanced by Plaintiff's argument as to non-party witnesses residing in New Jersey.

Furthermore, Plaintiff argues that the actual representations made by Defendant—i.e., that Defendant's hardware is compatible with Plaintiff's software—are not in dispute. The real issue is whether

defendants are subject to personal jurisdiction at the time the action is commenced.

While Defendant's answer to the complaint asserts a general denial of Plaintiff's venue allegations, neither party disputes on this motion that the action could have been brought under § 1391(a) in either the Western District of New York or the Northern District of California.

the incompatibility can fairly be attributed to Defendant's hardware, in which case Defendant may be liable, or whether the problem lies elsewhere, in which case Defendant would not be liable. Thus, even if unavailable, the testimony of these witnesses may not be material to the resolution of the case.

Defendant has not addressed this issue, and therefore the court can only assume that Plaintiff's point has validity.

 Defendant has not described what the testimony of the California witnesses would be, shown that the testimony is material, or demonstrated that the witnesses are in fact unwilling to appear. All of these elements are required to support Defendant's motion. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979) (movant must specifically identify and provide general description of the testimony of key witnesses); *Heller Financial, Inc. v. Midwhey Power Co., Inc.*, 883 F.2d 1286 (7th Cir.1989) (movant must show that witnesses' testimony is material); *Zets v. Scott*, 498 F.Supp. 884 (W.D.N.Y.1980) (movant must demonstrate that its witnesses are either unwilling or unable to appear).

Based on these considerations, it is apparent to the court that transfer would merely shift the inconvenience from Defendant to Plaintiff. Plaintiff is a small business, with relatively few resources to litigate out of state, whereas Defendant is a multi-national corporation. While "[t]he relative economic ability of the parties to proceed with a case has rarely been a dispositive reason" to grant or deny a motion to transfer, *Kolko v. Holiday Inns, supra*, 672 F.Supp. at 716, financial ability to bear the costs of a change of venue is a relevant factor for the court to consider in weighing the convenience to the parties. *Id.*

The location of assets in California does not weigh strongly in Defendant's favor since Defendant also undeniably has assets in New Jersey which could be used to satisfy any judgment without great inconvenience to Plaintiff. As to the relative congestion of court calendars, this by itself does not significantly tip the balance, since this court is confident of the ability of the courts in the Western District of New York to administer justice fairly and with reasonable dispatch.

Accordingly, the interest of justice in this case requires that venue remain in the Western District of New York. Defendant's motion for transfer is denied.

SO ORDERED.