**Arnold D. PILKINGTON,
et al., Plaintiffs,**

v.

**UNITED AIRLINES, INC.,
et al., Defendants.**

**No. 92–1032–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

June 10, 1994.

James J. Cusack, Battaglia, Ross, Dicus & Wein, P.A., Tampa, FL, for Peter C. Gropp, III, Arnold D. Pilkington, Rick Q. Dacosta, John P. Hlavacek, William P. O'Brien.

Stephen Joshua Wein, Battaglia, Ross, Dicus & Wein, St. Petersburg, FL, James J. Cusack, Battaglia, Ross, Dicus & Wein, P.A., Tampa, FL, for Brian Walker, Meryl Getline, Joseph Salomone, Michael S. Custer, Leonard H. Gieschen.

Peter Wolfson Zinober, Zinober & McCrea, P.A., Tampa, FL, Tom Jerman, O'Melveny & Myers, Los Angeles, CA, for United Airlines.

Robert T. Kofman, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, FL, Alice Ruth Huneycutt, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, Babette A. Ceccotti, Cohen, Weiss & Simon, New York City, Felice Busto, Air Line Pilots Assn., Washington, DC, Kevin Christopher Ambler, Prevatt, Klink, Cohen & Ambler, Tampa, FL, for Air Line Pilots Ass'n, Intern.

Alice Ruth Huneycutt, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, FL, Felice Busto, Air Line Pilots Ass'n, Washington, DC, for International and Air Line Pilots Ass'n and Master Executive Council for United Airlines.

## ORDER

KOVACHEVICH, District Judge.

This case is before the court on the Defendants' motions for change of venue filed April 14, 1994 and April 19, 1994 (Docket Nos. 72 & 72). Defendants seek transfer of this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

A motion to transfer venue is governed by 28 U.S.C. § 1404(a). Section 1404(a) is the statutory codification of the common-law doctrine of forum non conveniens. The section states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

■ The standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court. *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir.1977), *cert. denied*, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133. Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964). The petitioner has

the burden of persuading the trial court that the transfer is appropriate and should be granted. *Factors Etc., v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

■■■ In order to overcome the presumption in favor of the plaintiff's choice of forum, the petitioners must show the balance of conveniences is "strongly in favor" of the transfer. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947). The question to be determined in this motion is whether Plaintiffs' choice of the Middle District of Florida as the forum for this action, creates problems of convenience for Defendants and their witnesses of such a substantial nature, that the transfer is appropriate in the interests of justice. *Follansbee Metals Co. Inc., v. John T. Clark and Son of N.H., Inc.,* 387 F.Supp. 574, 581 (W.D.Penn.1974). In answering this question this Court considers factors such as: plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relevant documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious and inexpensive. *O'Brien v. Goldstar Technology, Inc.,* 812 F.Supp. 383, 385 (W.D.N.Y.1993).

Defendants maintain that transfer to the Northern District of Illinois would be in the best interests of the parties, the witnesses and the court. They base this contention on several factors. First, that United Airlines, Inc. (United) and Air Line Pilots Association (ALPA) Master Executive Counsel are headquartered in the Northern District of Illinois. Second, four of the nine Plaintiffs are assigned to work at O'Hare International Airport, also located in the Northern District of Illinois. Third, few of the proposed witnesses have any connection with Florida, while eleven of the proposed witnesses currently work for United in the Northern District of Illinois. Finally, at least sixteen of the alleged incidents on which the Plaintiffs base their complaint occurred in the Northern

District of Illinois, while none occurred in Florida.

Plaintiffs' insist that their choice of forum should prevail. Plaintiffs' find it difficult to understand petitioners' sudden feeling of inconvenience since this action has been pending in the Middle District of Florida for nearly two years, yet apparently the inconvenience was only recently discovered. Plaintiffs' counter that United, as a large transportation company, and ALPA, as an international pilot's representative, should expect to have to appear for trial in judicial districts away from their headquarters. Likewise, United, as a transportation company, is not posed with a great problem in transporting persons or documents to Florida for trial. Nor should there be any problem in compelling witnesses' testimony since the key witnesses are employees of Defendants.

Plaintiffs maintain that the interests of justice would not be served by transferring venue; in that it would be costly, burdensome and prejudicial to the lawsuit. Two years ago Plaintiffs, six of whom are Florida residents, employed Tampa Counsel to file this action. They have spent considerable time and money in preparation for trial in the Middle District of Florida. As individuals, moving counsel to the Northern District of Illinois will cause them substantial economic hardship. Also, the interest of justice in early trials would be thwarted by this transfer.

This Court determines that Defendants have not shown the balance of conveniences is strongly in favor of the transfer of this action of the Northern District of Illinois. Defendants have been aware of this action, and any inconvenience it may cause, for nearly two years, yet they have waited until well into the discovery process, close to the start of trial, to make this request. Though litigation in the Northern District of Illinois maybe somewhat more convenient for Defendants, the improvement would seem minimal in light of the facts that, being a transportation company, United can easily transport its witnesses to Tampa and can compel those witnesses' appearance since they are current employees or officers.

Transfer would burden the Plaintiffs, the majority of whom live in Florida, who properly chose the current venue. Based on that venue choice, Plaintiffs employed Tampa counsel who has spent considerable time in preparing for trial in Tampa. A change of venue at this time would merely shift the burden of inconvenience away from the moving party to the non moving party, which is not a valid reason to grant the motion. *Continental Airlines, Inc., v. American Airlines, Inc.,* 805 F.Supp. 1392, 1395 (S.D.Tex.1992), *O'Brien,* supra at 386.

This case is nearly ready for trial, a second Rule 16 proceeding is scheduled for June 20, 1994, and this Court is familiar with the issues in the case through previous pretrial motions. Transfer to the Northern District of Illinois at this time would delay this trial considerably, contrary to the Court's interest in early trials. Accordingly, it is

**ORDERED** that the motions for change of venue be **denied** (Docket Nos. 72 & 73) and parties shall appear in this Court, as scheduled, for a second Rule 16 Proceeding on June 20, 1994.

**DONE AND ORDERED.**