**Robert GRAY d/b/a the "G" Shop, Plaintiff,**

v.

**MILLERS MUTUAL INSURANCE COMPANY, Defendant.**

**No. 97–CV–6576L.**

United States District Court, W.D. New York.

Feb. 24, 1998.

Anthony F. Leonardo, Jr., Rochester, NY, for Plaintiff.

Jessie R. Ruhl, Washington, DC, for Defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

This is a breach of contract action brought by an insured against his insurer. The dispute arises out of the theft of plaintiff's commercial property, and defendant's refusal to reimburse plaintiff for the loss. Presently before me is defendant's motion to dismiss or to transfer this action to the Western District of Pennsylvania. For the reasons stated below, the motion is granted, and this action is transferred to the Western District of Pennsylvania.

1. Plaintiff is a resident of Monroe County, New York and has been since before the date this lawsuit was filed. Complaint at ¶ 1. Defendant represents that it is 'domiciled' in Pennsylvania, that it has no offices in New York, and that all its employees are based in Pennsylvania. Affirma-

## BACKGROUND

Plaintiff owned and operated a mens' clothing store located in the County of Westmoreland, State of Pennsylvania. In connection with operating his store, on or about January 20, 1993, plaintiff entered into an insurance contract with defendant, pursuant to which defendant agreed to insure against the direct loss of personal property used in the business, up to $100,000.00. Excluded from coverage were losses due to acts of dishonesty by plaintiff's employees.

On or about June 19, 1997, plaintiff discovered that the merchandise in his store had been stolen. He timely notified the police and defendant of the incident. Defendant has refused to cover plaintiff's loss, on the grounds that it was caused by the dishonest acts of one of plaintiff's employees.

Plaintiff brought this lawsuit in New York Supreme Court, Monroe County, on or about November 19, 1997. On December 24, 1997, defendant removed it to this Court, based upon diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has not sought a remand. *See* 28 U.S.C. § 1447(c).

By motion dated January 2, 1998, defendant now moves to dismiss this action pursuant to F.R.C.P. 12(b)(3)(improper venue) or to transfer the case to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404. Plaintiff opposes defendant's motion in its entirety.

## DISCUSSION

Assuming complete diversity of the parties[1] it is questionable on the present record whether venue in this Court is proper in the first instance. 28 U.S.C. § 1391(a) provides that

"A civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides ... (2) a judicial district in which a substantial part of the events or omissions giving rise

tion of Jesse R. Ruhl (filed January 2, 1998) at ¶ 4. Although defendant has not specifically identified its place of incorporation or principal place of business (*see* 28 U.S.C. § 1332(c)), its representations suggest that neither is in New York, and plaintiff has not contended otherwise.

to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction ... if there is no district in which the action may otherwise be brought."

Pursuant to 28 U.S.C. § 1391(c), a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction. It is unclear from the record whether defendant is subject to personal jurisdiction in the Western District of New York—defendant is 'domiciled' in Pennsylvania, and has no offices or employees in New York. *See* Affirmation of Jesse R. Ruhl (filed January 2, 1998) at ¶ 4. Thus, it is unclear whether venue is proper in the Western District of New York, pursuant to subsections (1) or (3) of 28 U.S.C. § 1391(a).

Nor is venue proper in the Western District of New York in accordance with subsection (2), because none of the events or omissions giving rise to the claim occurred here, nor was any part of the property that is the subject of the action located here.

However, it is certain that venue is proper in the Western District of Pennsylvania. Defendant clearly is subject to personal jurisdiction there, and the events and omissions giving rise to this claim, as well as the property that is the subject of this action, are located there. Thus, venue would be proper in the Western District of Pennsylvania pursuant to anyone of the relevant statutory subsections. *See* 28 U.S.C. § 1391(a).

 Even if venue were appropriate in this Court in the first instance, I find that this case should be transferred for the convenience of parties and witnesses, and in the interest of justice, pursuant to 28 U.S.C. § 1404(a). That statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision whether to grant a transfer under this section is committed to the sound discretion of the District Court. *See Filmline (Cross–Country) Productions, Inc. v.* *United Artists, Corp.,* 865 F.2d 513, 520 (2d Cir.1989). In making this decision, a number of competing factors must be weighed, including: (1) the plaintiff's choice of forum; (2) the convenience of the parties and the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and other tangible evidence; and (6) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See O'Brien v. Goldstar Technology, Inc.,* 812 F.Supp. 383, 385 (W.D.N.Y.1993)(citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).

In this case, the factors tip decidedly in favor of defendant. Defendant intends to defend this case on the grounds that the cause of plaintiff's loss was a dishonest act by one of plaintiff's own employees. As such, the most probative evidence for both parties will be that related to the theft and the investigation of the theft. This evidence, including the necessary witnesses, is found in Pennsylvania. This Court would be unable to compel testimony from unwilling Pennsylvania residents over whom it has no personal jurisdiction. Additionally, defendant has represented to this Court that it intends to join as third-party defendants two individuals, both Pennsylvania residents, over whom this Court will most likely not have personal jurisdiction.

In short, all relevant information in this case will emanate from Pennsylvania—the contract was entered into there, the insured property was there, the theft occurred there, the investigation took place there, the investigators live there, plaintiff's employees live there, and the decision to deny defendant's coverage was made by individuals there. I see no compelling reason to retain this action in the Western District of New York. Thus, for the convenience of the parties and witnesses, and in the interest of justice, this action should be transferred to the Western District of Pennsylvania.

## CONCLUSION

For all the above reasons, defendant's motion to transfer (docket # 3) is hereby

GRANTED. The Clerk is directed to transfer this action in its entirety to the Clerk for the United States District Court for the Western District of Pennsylvania.

IT IS SO ORDERED.