■ RANDUSTRIAL CORPORATION, Respondent, v ACME DISTRIBUTION CENTER, Appellant.—Order unanimously reversed, with costs; motion granted and complaint dismissed. Memorandum: Plaintiff's complaint alleges the sale to defendant on May 3, 1973 of various quantities and kinds of roof repairing materials; that the materials had a value of $3,227.67, of which $750 was paid; and demands judgment for the unpaid balance, with interest from May 3, 1973. This action was commenced on December 5, 1977. Defendant moved pursuant to CPLR 3211 (subd [a], par 5) to dismiss the complaint on the ground that the action was barred by the applicable Statute of Limitations (Uniform Commercial Code, § 2-725). Upon its finding that, as a matter of law, the statute had been tolled, Special Term denied the motion, and defendant appeals. Section 2-725 of the Uniform Commercial Code provides, in part, that "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued". The record clearly demonstrates that more than four years had elapsed from the time plaintiff claims that the cause of action accrued to the date the action was commenced. In such circumstances, absent a showing by plaintiff that the statute has been tolled *(Crow v Gleason,* 141 NY 489), the action must be dismissed. In response to the motion, plaintiff submitted only its attorney's affidavit, containing unsubstantiated conclusions; a copy of a letter, dated February 11, 1975, from defendant to plaintiff's former attorneys; and a copy of the transaction invoice showing a payment of $750 on February 21, 1974. In order for a writing to constitute an acknowledgment or promise sufficient to start the Statute of Limitations running anew, it "must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" *(Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521). Special Term relied exclusively upon the letter, finding therein an admission of the amount due and a statement of intent to pay it. We disagree. The letter may only be construed as stating an intention not to pay the debt unless plaintiff performed certain further acts. Plainly, the letter contained language inconsistent with an intention on the part of the defendant to pay. We recognize that an

express promise to pay, conditioned upon the debtor's future ability, has been held sufficient to start the statute running anew *(Wakeman v Sherman,* 9 NY 85; *Francis v Rycroft,* 148 App Div 65). In such cases, however, the burden is on the creditor to show that the condition has been performed *(Curtiss-Wright Corp. v Intercontinent Corp.,* 277 App Div 13). Plaintiff argues here that the letter constitutes a conditional promise to pay and the question of whether or not the condition has been performed is one of fact which must be left to the jury. Although we do not conclude that the rule of *Wakeman v Sherman (supra)* applies to the circumstances here, its application nonetheless would be of no avail to plaintiff since it has failed even to allege that the condition has been performed. Nor does the action remain viable on the basis of the $750 part payment. It is well established that part payment alone will not toll the Statute of Limitations *(Morris Demolition Co. v Board of Educ., supra; Crow v Gleason, supra; Donovan v Burkowski,* 51 AD2d 878). Plaintiff has offered no evidence that the part payment was "accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" *(Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521, *supra).* Since plaintiff's action is barred by the applicable Statute of Limitations, defendant's motion to dismiss the action is granted. (Appeal from order of Erie Supreme Court—dismiss complaint.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.