■ EDWARD FLYNN, Respondent, v JOANNE FLYNN, Appellant.—Order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered April 16, 1990, which, *inter alia,* granted plaintiff-respondent's cross-motion confirming the report of the Special Referee, is affirmed, without costs or disbursements.

The defendant moved for the payment of arrears from plaintiff for maintenance and child support from January 1979 through March of 1983. Her right to such amounts was set forth in a stipulation between the parties incorporated in the judgment of divorce. The IAS court referred the matter to a Special Referee to report on the amount of arrears due and owing; the amount of any credits to be applied toward the arrears; and whether the parties ever entered into an agreement or arrangement with respect to plaintiff's obligations under the stipulation. The Referee, after a hearing, recommended that the motion be granted only to the extent of entering a money judgment in the sum of $18,666.56 against the plaintiff finding that the statute of limitations contained in CPLR 213 barred that portion of the claim relating to arrears which had accrued prior to September 2, 1981. CPLR 211 (e) which sets forth a twenty year statute of limitations on actions to enforce an order or judgment awarding support, alimony or maintenance is not applicable since the judgment was entered prior to August 7, 1987, the effective date of that amendment.

The defendant does not dispute the determination that the six year statute of limitations set forth in CPLR 213 (2) governs as to her claim for arrears from 1979 to 1983. However, she asserts that plaintiff made partial payment of the antecedent debt in 1982, which tolled the statute of limitations. "It is well settled that part payment of a debt does not, by itself, toll the statute of limitations, but that the burden rests upon the creditor to show that it was a payment of a portion of the admitted debt, paid to and accepted by him as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" *(Commissioners of State Ins. Fund v Warner,* 156 AD2d 131, 132). Here, plaintiff denied that the two payments were arrears payments, there were no indications on the face of the checks to establish that proposition and there was no writing acknowledging a larger debt which the plaintiff intended to pay. Under these circumstances, defendant failed to meet the

requisite burden of proof and the Referee properly found that the part payments did not revive the claimed debt.

Defendant further relies on plaintiff's "acknowledgment" of arrears in his letter of January 29, 1981. In that letter sent with a $1,166.66 check, plaintiff wrote, *inter alia,* "With respect to the arrears, as I have told you, I believe I will receive some assistance in the near future. At that time, I will begin reducing these past obligations". At first blush, this letter signed by plaintiff would appear to comply with General Obligations Law § 17-101 as an "acknowledgment or promise contained in a writing signed by the party to be charged". However, "[t]he writing, in order to constitute an acknowledgment, must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it". *(Morris Demolition Co. v Board of Educ.,* 40 NY2d 516, 521.) Here, plaintiff's promise is completely contingent upon his receipt of "some assistance" and therefore not an unconditional promise. Defendant made no showing that the condition was fulfilled, i.e. that plaintiff received such "assistance". While an express promise to pay conditioned upon the debtor's future ability has been held sufficient to start the statute of limitations running anew, the burden is on the creditor to show that the condition has been performed *(Randustrial Corp. v Acme Distrib. Center,* 79 AD2d 862, 863). Defendant failed to meet that burden at the hearing.

Finally, defendant relies upon plaintiff's statement of net worth as an acknowledgment of his debt of over $92,000 in arrears to defendant. This statement was filed in plaintiff's second divorce action and would be inadmissible in an unrelated action pursuant to Domestic Relations Law § 235 (1). In any event, it was not a written acknowlegdment addressed to defendant-creditor and therefore was insufficient to start the statute of limitations running anew *(Essex Real Estate Corp. v Piluso,* 68 AD2d 923). Concur—Wallach, Asch and Kassal, JJ.

Ellerin, J. P., dissents in a memorandum as follows: Because I find that defendant met her burden of demonstrating that plaintiff's payments in 1982 were paid and accepted as partial payment of the antecedent debt and that they were accompanied by circumstances amounting to an absolute and unqualified acknowledgement by the debtor of more being due, I would find that no portion of the within action was time barred and would remand for a further hearing.

The evidence at the hearing before the Referee in this case demonstrated that, in 1982, within the statutory period, plain-

tiff made certain payments to defendant over and above his current maintenance and support obligations. Plaintiff now denies that these payments were meant by the parties to be credited to his arrears or that the circumstances demonstrated an acknowledgement on his part that more money was due. However, when examined in the context of the other communications between the parties, and taking into consideration that the parties' relationship was not a formal, business relationship but a personal one, it is clear that these payments were meant to be credited to his arrears. In plaintiff's letter of January 29, 1981, sent with a check for current maintenance, plaintiff informed defendant, "With respect to the arrears, as I have told you I believe I will receive some assistance in the near future. At that time, I will begin reducing these past obligations." Contrary to the majority, I find that this statement acknowledges plaintiff's debt and contains absolutely nothing inconsistent with an intention on plaintiff's part to pay the debt. Clearly, plaintiff's very use of such words as "arrears" and "obligations" manifests his acknowledgement of the existence of his debt to defendant (cf., Matter of Steele, 262 App Div 938, affd 289 NY 716). Plaintiff's separate promise that he would "begin" to pay that debt when he received the undefined "assistance" cannot reasonably be construed to imply a contrary intention never to pay the debt at all unless he received that assistance. At most, it implied only that, if the assistance were not forthcoming, he would not begin to pay the debt in the near future.

The existence of this letter is sufficient to show that the payments which were subsequently received constituted a portion of the debt which had previously been acknowledged, that the parties believed they were such, and that under the circumstances, plaintiff had unqualifiedly acknowledged that the rest was due. I therefore would find that the subsequent payments started the statute of limitations running anew. Since they were made less than six years prior to the commencement of this action, the action is timely as to the entire antecedent debt (CPLR 213 [2]). Moreover, were these circumstances in any way ambiguous as to this matter, defendant points to plaintiff's statement of net worth filed in connection with his second divorce in 1985, in which he claimed that he owed defendant $93,000 in arrears. While the statement of net worth was not directed to defendant, plaintiff testified that he received the information regarding the total amount due from defendant. This additional proof leaves no doubt as to the validity of defendant's claim that the partial payments were

paid and received with the understanding by both parties that the rest remained due and that plaintiff persistently encouraged defendant to believe that he intended to pay her.

For these reasons, and since the Referee made no finding as to the validity of the claims for arrears that were allegedly time barred, I would remand for a finding as to the total amount of such arrears due.