Dr. Gaddam V. REDDY and Gaddam–USHA Reddy, Plaintiffs,

v.

BARCLAYS BANK OF NEW YORK, N.A., Defendant.

No. 90 Civ. 8058 (JES).

United States District Court, S.D. New York.

Oct. 3, 1991.

Miriam M. Breier, New York City (Jason S. Deutschmeister, of counsel), for plaintiffs.

Rick Steiner Rubin & Sternklar, New York City (Jack Segal, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiffs, Dr. Gaddam V. Reddy and Gaddam Usha Reddy (the "Reddys") bring this action seeking damages arising out of an alleged unauthorized transfer of funds from plaintiffs' money market fund account, by defendant, Barclays Bank of New York, N.A. ("Barclays"). The defendant, pursuant to Fed.R.Civ.P. 12(b)(1), moves to dismiss the complaint for lack of federal subject matter jurisdiction on the ground that the plaintiffs cannot meet the monetary requirement needed to invoke federal jurisdiction over this diversity case. 28 U.S.C. § 1332(a) (1988).[1] For the reasons set forth below, the defendant's motion is denied.

## FACTS

The following statement of facts is based upon the allegations set forth in the plaintiffs' complaint, which for purposes of this motion, must be assumed to be true.

In March and April of 1989, Barclays allowed two unauthorized wire transfers of funds from the Reddys' account in the amount of twenty-nine thousand, eight hundred and ninety dollars ($29,890.00).[2] *See* Complaint at ¶¶ 8, 10. As a result of the unauthorized transfers, Barclays dishonored three subsequent checks issued by plaintiffs in connection with a contract of sale for real estate in India, triggering a penalty provision in the real estate contract and causing plaintiffs to incur consequential damages in the amount of thirty-nine thousand, two hundred and fifty dollars ($39,250.00). *Id.* at ¶ 29.

In support of their motion to dismiss, Barclays claims that absent bad faith, Article 4 of the Uniform Commercial Code, U.C.C. § 4–103(5) (McKinney 1988), limits the plaintiffs' recovery to their actual damages of $29,890.00.[3] *See* Memorandum of

---

1. Title 28 U.S.C. § 1332(a) provides, in part, that:
   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-000, exclusive of interests and costs. . . .

2. On June 22, 1988, Dr. Reddy instructed Barclays in writing that it was no longer authorized to transfer funds from his account on simple written authorization, but such authorization must be accompanied by a check drawn in Barclays favor. *See* Complaint at ¶ 7. The transfers at issue here did not comply with these instructions. *Id.* at ¶¶ 8, 10.

3. Plaintiffs' complaint states the dollar amounts for the two unauthorized transfers to be $21,-000.00 and $8,890.00, and yet paragraph 29 states that the amount fraudulently transferred was $30,060.00. It is unclear what the $170.00

Law in Support of Defendant's Motion at 5–6. Alternatively, Barclays claims that for a depositor to recover consequential damages under Article 4, reasonably foreseeable damages must be shown and that the Reddys cannot sustain this burden. *Id.* at 7. Finally, Barclays challenges the amount of consequential damages claimed by the Reddys because Dr. Reddy paid only a portion of the forfeited funds under the real estate contract. *Id.* at 8.

### DISCUSSION

To determine whether the amount in controversy requirement of section 1332(a) has been satisfied, it must appear to a legal certainty that the plaintiff's claim is for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Moreover, in making that determination, although the Court is entitled to consider facts developed during discovery which amplify the allegations of plaintiff's complaint, the Court may not resolve the merits of factual issues raised by defenses asserted, which a defendant claims will reduce plaintiff's claim below the requisite jurisdictional amount. *Zacharia v. Harbor Island Spa, Inc.,* 684 F.2d 199, 202 (2d Cir.1982).

Tested by that standard, since all of the defendant's arguments involving bad faith and consequential damages cannot be resolved without addressing the merits of these defenses, these allegations cannot be a basis for a conclusion that a motion to dismiss for lack of the jurisdictional amount should be granted. This is especially true since "even where the allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Id.* (*citing Deutsch v. Hewes Street Realty Corp.,* 359 F.2d 96 (2d Cir.1966)).

### CONCLUSION

For the reasons stated above, the defendant's motion to dismiss the plaintiffs' com-

difference between these two statements repre-

plaint for lack of subject matter jurisdiction shall be and hereby is denied.

It is SO ORDERED.

sents, but it is irrelevant to the Court's analysis.