(January 21, 1992)

■ BANK OF NEW YORK, as Successor to SCARSDALE NATIONAL BANK AND TRUST COMPANY, Appellant, v ROBERT STRUMOR, Respondent.

The plaintiff, a New York bank, seeks to recover the proceeds of a promissory note issued by the defendant to the plaintiff's predecessor in interest, also a New York bank. The sole question on this appeal is whether the Supreme Court properly granted the defendant's motion to dismiss the complaint based, *inter alia,* on a lack of personal jurisdiction over the defendant *(see,* CPLR 302 [a] [1]).

Although the defendant, a New Mexico domiciliary, signed the promissory note in New Mexico, the proceeds of the note were payable in New York and were used to finance the business of a New York limited partnership. In addition, the note was secured by an agreement pledging the defendant's shares in the limited partnership. Finally, the pledge agreement provided that any questions arising thereunder would be governed by New York law.

The totality of the defendant's acts, whereby the defendant availed himself of the benefits and protection of New York law, shows sufficient purposeful activity in New York to constitute a transaction of business under CPLR 302 (a) (1). Accordingly, the defendant's motion to dismiss for lack of personal jurisdiction should have been denied by the Supreme Court (see, Banco Espanol de Credito v Du Pont, 24 AD2d 445; Sterling Natl. Bank & Trust Co. v Fidelity Mtge. Investors, 510 F2d 870; cf., American Recreation Group v Woznicki, 87 AD2d 600). Thompson, J. P., Sullivan, Eiber and Copertino, JJ., concur.