**Lyndon R. SNYDER, a/k/a Lyndon Snyder and Marjorie Snyder a/k/a Marjorie H. Snyder, Plaintiffs,**

v.

**MADERA BROADCASTING, INC., and Bruce Daryl Owens, Defendants.**

No. 93–CV–2412 (JRB).

United States District Court, E.D. New York.

Jan. 17, 1995.

David J. Gold, New York City, for plaintiffs.

Joel S. Stern, Stern, Wiener & Levy, New York City, for defendants.

*MEMORANDUM—DECISION AND ORDER*

BARTELS, District Judge.

Defendant Madera Broadcasting, Inc. ("Madera") moves this Court under Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure for an order dismissing this action on the grounds that the Court lacks jurisdiction over defendant and the subject matter of this litigation. Madera also moves under Rule 56 for partial summary judgment, arguing that at least a portion of plaintiffs' claim is barred by the applicable statute of limitations. In addition, defendant urges this Court to transfer the action to the Eastern District of California on forum non conveniens grounds. For the reasons set forth below, defendant's motions are denied in their entirety.

*Background*

This action seeks repayment of fourteen separate promissory notes executed by defendant Bruce Owens, as president and on behalf of defendant Madera, a California corporation. Plaintiff Lyndon Snyder, a shareholder of Madera, and his wife Marjorie—both New York residents—are the owners

and holders of the subject notes. The notes, executed between December 1985 and January 1990, represent total indebtedness of $71,043.59.

The parties' business relationship allegedly began when, in response to plaintiffs' employment advertisement, Madera mailed a corporate prospectus to plaintiffs in New York. A series of telephone calls from defendant to plaintiffs ensued, culminating in the loans at issue. Plaintiffs allege that defendant prepared the necessary loan documents, mailed them to plaintiffs in New York, and then executed the notes in California before forwarding them to plaintiffs.

The terms of each note obligate Madera to pay to plaintiffs a minimum installment each month until the note is paid in full. Thirteen of the fourteen notes contain acceleration clauses, which grant plaintiffs the option, upon default in any payment, of declaring the total outstanding principal and interest on the note immediately due and payable. The fourteenth note is atypical in that it contains no acceleration clause and is the only note designating California law as the law governing the interpretation and construction of the note.

Madera acknowledges the existence of the subject notes and its failure to make payment thereon, but argues that the statute of limitations has run on a substantial, and indeed pivotal, portion of plaintiffs' claim for repayment. Defendant asserts that the fraction of plaintiffs' claim which remains timely falls below the statutory threshold needed to maintain diversity jurisdiction. Madera also argues that its contact with this forum is insufficient to confer jurisdiction, and seeks to transfer the action to what it claims provides a more convenient forum, the Eastern District of California.

## Discussion

1. *Defendant's Motion to Dismiss for Lack of Personal Jurisdiction*

■ Although plaintiffs ultimately bear the burden of establishing that this Court has jurisdiction over Madera, in defending the present motion they need only make a *prima facie* showing that jurisdiction exists.

*Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); *Welinsky v. Resort of the World D.N.V.,* 839 F.2d 928, 930 (2d Cir.1988); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985). Construing, as it must, all allegations in plaintiffs' favor, *A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 79–80 (2d Cir.1993), the Court finds that plaintiffs have made the requisite showing.

■ Personal jurisdiction in a diversity action turns upon the law of the forum state. *Savin v. Ranier,* 898 F.2d 304, 306 (2d Cir. 1990); *Hoffritz for Cutlery,* 763 F.2d at 57. Here, jurisdiction is governed by section 302 of the New York Civil Practice Law and Rules ("CPLR"), New York's long-arm statute. Plaintiffs invoke jurisdiction under section 302(a)(1) of the long-arm, which grants the court jurisdiction over any non-domiciliary "who in person or through an agent: 1. transacts any business within the state or contracts any where to supply goods or services in the state." To establish jurisdiction under the "transacting business" prong of this section, plaintiffs must demonstrate both that Madera transacted business within New York and that the subject claim arose from Madera's in-state business activity. *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986).

■ Courts generally look to the "totality of the circumstances" surrounding a non-domiciliary's in-state activity to determine whether a party has "transacted business" within the meaning of section 302(a)(1). *Sterling Nat'l Bank & Trust Co. v. Fidelity Mortgage Investors,* 510 F.2d 870, 873 (2d Cir.1975); *First City Federal Sav. Bank v. Dennis,* 680 F.Supp. 579, 583 (S.D.N.Y.1988). When reviewing the sum of a nonresident defendant's activities, the court also must ascertain whether constitutional due process requirements have been met. Due process ensures that an out-of-state defendant has had certain minimal contact with the forum, such that he reasonably can "anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Section 302 and due process concerns are

satisfied where an out-of-state defendant's "activities constitute purposeful efforts to invoke the benefits and protection of New York law." *First City Federal Sav. Bank*, 680 F.Supp. at 584 (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 [1958]).

Under the principles outlined above, the Court finds that the totality of forum contacts involved here renders Madera amenable to this Court's jurisdiction. Defendant urges that the fact that payment on the promissory notes was to be made in New York alone is insufficient to confer jurisdiction over Madera as maker of the notes. The Court recognizes that "the mere designation of New York as the site for payment on a promissory note" has been held "insufficient to confer jurisdiction over a nonresident defendant," *Plaza Realty Investors v. Bailey*, 484 F.Supp. 335, 346 (S.D.N.Y.1979); *Generale Bank v. Choudury*, 776 F.Supp. 123, 124 (S.D.N.Y.1991), and agrees that proper exercise of jurisdiction requires additional forum contacts. *First City Federal Sav. Bank*, 680 F.Supp. at 584; *Plaza Realty Investors*, 484 F.Supp. at 346. However, the place of payment remains a factor, and indeed "a significant contact," to be considered in determining whether to retain jurisdiction, *First City Federal Sav. Bank*, 680 F.Supp. at 586, and this is not a case where the only New York contact related to the subject notes is the fact that they were made payable here. Rather, Madera engaged in continuous, purposeful activity in New York sufficient to confer jurisdiction under CPLR 302(a)(1).

The circumstances surrounding execution of the promissory notes collectively demonstrate that defendant did much more than simply agree to perform its payment obligations in New York. Indeed, Madera acted as the catalyst which ignited a lengthy, and profitable, business relationship when it originally mailed the prospectus to plaintiffs in New York in an attempt to solicit funds. Madera then procured the subject loans through a series of telephone calls to plaintiffs in New York, and allegedly prepared the requisite documentation for the loans and mailed these papers, along with the executed notes, to plaintiffs in this forum.[1] Madera then nurtured and continued to reap the benefits of a lasting financial relationship with resident plaintiffs through a series of communications relating to the loans that began as early as the winter of 1985, and spanned at least a seven-year period. The frequency and duration of these communications remain proper considerations when deciding whether to exercise *in personam* jurisdiction. *See Catalyst Energy Dev. Corp. v. Iron Mountain Mines, Inc.*, 630 F.Supp. 1314, 1317 (S.D.N.Y.1986); *China Union Lines, Ltd. v. American Marine Underwriters, Inc.*, 454 F.Supp. 198, 202 (S.D.N.Y. 1978).

The Court remains cognizant of those decisions that have held "that merely sending letters and making telephone calls to New York are not by themselves sufficient to impose jurisdiction under § 302(a)(1)." *Pell v. Clarke*, No. 93–CV–332 (CSH), 1994 WL 74075, 1994 U.S.Dist. LEXIS 2668 (S.D.N.Y. March 9, 1994). True, "not every telephone call made into the state subjects the caller to long-arm jurisdiction." *Wilhelmshaven Acquisition Corp. v. Asher*, 810 F.Supp. 108, 112 (S.D.N.Y.1993). But, where a defendant "projects" himself by means of telephone and mail contacts "into New York in such a manner that he 'purposefully avail[s] himself' " of the protections and benefits of New York law, telephonic and written communications can provide a basis for jurisdiction under § 302(a)(1). *Id.* (quoting *Parke–Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 18, 308 N.Y.S.2d 337, 341, 256 N.E.2d 506, 508 [1970]). *See also Wilhelmshaven Acquisition Corp.*, 810 F.Supp. at 112 (and cases cited therein). This case presents an aggregate of extensive, purposeful forum activity which demonstrates that Madera "projected" itself into New York. *See, e.g., Catalyst Energy Dev. Corp.*, 630 F.Supp. at 1317; *China Union Lines*, 454 F.Supp. at 202; *Parke–Bernet Galleries*, 26 N.Y.2d at 18, 308 N.Y.S.2d at 340–41, 256 N.E.2d at 508–09.

---

1. The fact that defendant executed the notes outside New York "does not dispose of the jurisdictional issue." *Catalyst Energy Dev. Corp. v. Iron Mountain Mines, Inc.*, 630 F.Supp. 1314, 1316 (S.D.N.Y.1986).

Defendant does not deny plaintiffs' allegations, and in fact embraces them as support for the argument that its physical absence within the forum negates jurisdiction. Although plaintiffs admit that neither defendant, nor any of Madera's representatives, physically travelled to New York in connection with the subject loans, the New York Court of Appeals has held that "one need not be physically present in order to be subject to the jurisdiction of our courts under CPLR 302." *Parke–Bernet Galleries,* 26 N.Y.2d at 17, 308 N.Y.S.2d at 340, 256 N.E.2d at 508. This is a case where defendant engaged "in extensive purposeful activity here without ever actually setting foot in the State." *Id.* Accord *Plaza Realty Investors,* 484 F.Supp. at 345.

The sum of Madera's New York contacts convince the Court that for purposes of the present motion plaintiffs have made a *prima facie* showing that defendant reasonably could anticipate "being haled into court" in this forum. *World–Wide Volkswagen Corp.,* 444 U.S. at 297, 100 S.Ct. at 567. Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction is denied.

2. *Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction*

■ Madera argues that application of the appropriate limitations period renders a significant portion of plaintiffs' claim untimely, such that the total amount remaining now falls below the $50,000 statutory threshold necessary to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Resolution of whether plaintiffs' claim satisfies the jurisdictional amount requires the Court first to determine whether New York's six-year or California's four-year statute of limitations applies.

■ The parties agree that subject matter jurisdiction in this case is based solely on diversity of citizenship. A federal court sitting in diversity applies the statute of limitations that would be applied by the forum state. *Guaranty Trust Co. v. York,* 326 U.S. 99, 109–10, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945); *Bank of Boston Int'l of Miami v. Arguello Tefel,* 626 F.Supp. 314, 315

(E.D.N.Y.1986). The courts of this forum apply New York's limitations periods to actions brought here unless the state's borrowing statute is implicated. *Monaghan v. SZS 33 Assoc., L.P.,* 827 F.Supp. 233, 241 (S.D.N.Y.1993); *Loengard v. Santa Fe Indus., Inc.,* 573 F.Supp. 1355, 1359 (S.D.N.Y. 1983). The borrowing statute, codified at CPLR 202, is triggered when the cause of action being sued upon accrued outside New York, and the plaintiff is not a New York resident. Specifically, CPLR 202 provides that:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

Defendant Madera urges the Court to apply California's four-year limitations period (Cal.Code Civ.Proc. § 337) to the present action. However, under the terms of the borrowing statute, before the Court can apply California's statute of limitations, the Court first must find that plaintiffs' cause of action accrued in California—an issue neither party has addressed—and that the action accrued in favor of a nonresident.

■ The borrowing statute clearly is not implicated here. First, plaintiffs' New York residence removes this action entirely from reach of that statute. Moreover, the fact that plaintiffs' claim for repayment of the notes accrued within New York independently destroys any justification for application of CPLR 202. For purposes of the borrowing statute, the Court of Appeals for the Second Circuit consistently has embraced a traditional "place of injury" rule when setting the place of accrual. *See Bank of Boston Int'l,* 626 F.Supp. at 317 (citing cases). Where, as here, an action is based on nonpayment of a promissory note, the injury occurs, and the cause of action accrues, in the state in which the injured party was to receive payment. *Id.* ("for the purposes of the borrowing statute, a cause of action for nonpayment of a

promissory note accrues in the state where the note was payable"). It is undisputed that plaintiffs reside in New York and that the note was payable to them here. Consequently, plaintiffs' action for repayment of the debt accrued within New York—eliminating any need to look to the borrowing statute for guidance—and the claim is governed by the six-year limitations period of CPLR 213.

Under CPLR 213, plaintiffs had six years from the time their cause of action accrued to institute the present action. Where a claim is founded upon a written instrument for the repayment of money, and payment is made in periodic installments, the courts generally follow a rule of separate accrual whereby the statute of limitations begins to run anew on each installment as it becomes due.[2] *United States v. Alessi,* 599 F.2d 513, 515 (2d Cir.1979); *A & I Realty Corp. v. Kent Dry Cleaners, Inc.,* 61 Misc.2d 887, 890, 307 N.Y.S.2d 99, 102 (Dist.Ct. Nassau Co.1969). *See also United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1490 (9th Cir. 1993); *United States ex rel. Small Business Admin. v. LaFrance,* 728 F.Supp. 1116, 1120 (D.Del.1990). Because a separate limitations period began to run each time a monthly installment became due, plaintiffs may recover only those installments due and owing for no more than six years immediately preceding commencement of the present action. Any installment due in excess of this six-year period is time-barred.

Plaintiffs commenced this action on May 28, 1993. The fourteen notes at issue involve payments due as early as January 1986. Viewing each installment as a separate claim, and adding the total minimum monthly payments due and owing for greater than six years, the Court finds that $27,838.60 of Madera's indebtedness lies without the statutory bar.

The Court cannot conclude without further inquiry, however, that this portion of plaintiffs' claim has expired as a matter of law. Rather, the Court first must consider wheth-er defendant Madera sufficiently acknowledged, and thus revived, this otherwise stale portion of the debt. Plaintiffs urge that application of the tolling provision of section 17–101 of New York's General Obligations Law renders the entire claim timely. Section 17–101 provides:

> An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules other than an action for the recovery of real property. This section does not alter the effect of a payment of principal or interest.

In order to meet the requirements of § 17–101, a writing must be signed, " 'recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it.' " *Flynn v. Flynn,* 175 A.D.2d 51, 52, 572 N.Y.S.2d 307, 309 (1st Dep't 1991) (quoting *Morris Demolition Co. v. Board of Educ. of City of N.Y.,* 40 N.Y.2d 516, 521, 387 N.Y.S.2d 409, 411, 355 N.E.2d 369, 371 [1976] ). *Accord Sichol v. Crocker,* 177 A.D.2d 842, 843, 576 N.Y.S.2d 457, 458 (3d Dep't 1991). Here, plaintiffs rely upon a memorandum, dated July 31, 1992, sent by Madera to its creditors (including plaintiffs), and a letter to plaintiff Lyndon Snyder from Morrie Hayes, then Secretary of Madera, dated September 21, 1992, as proof of acknowledgment. The July memorandum, apparently written and initialed by Morrie Hayes, was prepared in contemplation of a cash distribution to certain creditors upon consummation of a pending sale of Madera's assets. The memorandum set forth a proposed list of payments to various creditors, including one to plaintiffs in full satisfaction of the $71,043 outstanding on the notes. The September letter reiterated the contents of the memorandum, and apparently clarified for plaintiffs that defendant contem-

---

**2.** If plaintiffs had exercised their option to accelerate the balance of Madera's debt, the date of acceleration would have marked the date of accrual for all installments not yet due and owing at the time the option was exercised. *United States v. Dos Cabezas Corp.,* 995 F.2d 1486, 1490 (9th Cir.1993). Because plaintiffs did not accelerate the debt, however, a separate limitations period runs from the date of each default. *Id.*

plated payment of the subject debt upon consummation of the asset sale.

While the memorandum and letter arguably acknowledged the existence of the debt, the contents of the writings reveal that defendant Madera made no unconditional promise to pay plaintiffs. Rather, Madera proposed a distribution schedule contingent upon a sale of Madera's assets for a certain minimum price. This contingency rendered any promise to pay plaintiffs, or any other creditor, wholly conditional. "While an express promise to pay conditioned upon the debtor's future ability to pay has been held sufficient to start the statute of limitations running anew, the burden is on the creditor to show that the condition has been performed." *Flynn,* 175 A.D.2d at 52, 572 N.Y.S.2d at 309. Absent fulfillment of such a condition, application of the section 17–101 toll is inappropriate. *Sichol,* 177 A.D.2d at 843, 576 N.Y.S.2d at 458. Here, plaintiffs failed to meet the burden of showing that the asset sale was consummated as planned. Whether this condition ever was fulfilled thus remains an unanswered question of fact which the Court cannot resolve on the present motion. *See Randustrial Corp. v. Acme Distrib. Center,* 79 A.D.2d 862, 863, 434 N.Y.S.2d 511, 512 (4th Dep't 1980).

 Having decided which limitations period applies to plaintiffs' claim, the Court now must determine whether plaintiffs have satisfied the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a). Section 1332(a) confers jurisdiction upon the district courts in civil actions where, *inter alia,* the "matter in controversy exceeds the sum or value of $50,000." In deciding a motion to dismiss for want of diversity, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). The court must limit its review to the allegations in the complaint, *Milgrim Thomajan & Lee, P.C. v. Nycal Corp.,* 775 F.Supp. 117, 121 (S.D.N.Y.1991), and must refrain from considering and adjudicating defenses asserted on the merits. *Zacharia v. Harbor Island Spa, Inc.,* 684 F.2d 199, 202

(2d Cir.1982). *See also Tongkook America, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir.1994); *Reddy v. Barclays Bank of New York, N.A.,* 773 F.Supp. 655, 657 (S.D.N.Y.1991).

The Court cannot determine on the present record that subject matter jurisdiction is wanting. Resolution of the Rule 12(b)(1) motion would require this Court to assess the merits of plaintiffs' tolling argument and determine whether defendant sufficiently acknowledged the debt, such that the full amount of the $71,043 claim remains viable. However, in deciding whether plaintiffs' claim satisfies the amount in controversy requirement of section 1332(a), the law is clear that the Court is "permitted only to assess the allegations in [the] complaint and not the validity of any asserted defenses." *Ochoa v. Interbrew America, Inc.,* 999 F.2d 626, 629 (2d Cir.1993). *Accord Zacharia,* 684 F.2d at 202; *Reddy,* 773 F.Supp. at 657. The record as it currently exists does not permit the Court to find with legal certainty that the value of plaintiffs' claim falls below the jurisdictional threshold of section 1332(a). Accordingly, the motion to dismiss for lack of subject matter jurisdiction must be denied.

### 3. *Defendant's Motion for Partial Summary Judgment*

 On its Rule 56 motion, defendant urges this Court to deny a portion of plaintiffs' claim on the ground that it is barred by the applicable statute of limitations. The Court already has determined that $27,838.60 of plaintiffs' claim is untimely under New York's six-year period of limitations. However, whether defendant sufficiently acknowledged the debt such that this portion of the claim remains viable poses a question of fact that cannot be resolved on the present motion. Accordingly, defendant Madera's motion for summary judgment dismissing $27,838.60 of plaintiffs' claim hereby is denied.

### 4. *Defendant's Motion to Transfer Venue*

 Defendant moves to transfer this action to the Eastern District of California on forum non conveniens grounds. Section 1404(a) of Title 28 of the United States Code vests in the federal district courts discretion

to transfer an action to a district in which the action might have been brought if the court determines that "the convenience of parties and witnesses" and "the interests of justice" warrant transfer. 28 U.S.C. § 1404(a) (1993). *Accord Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22 (1988). The undisputed goal of section 1404(a) "is to prevent waste 'of time, energy and money' " and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26–27, 80 S.Ct. 1470, 1474–75, 4 L.Ed.2d 1540 [1960] ). To achieve this goal, section 1404(a) directs the court to conduct an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 622, 84 S.Ct. at 812.

 The threshold inquiry on a section 1404(a) motion is whether the transferee district, in this case the Eastern District of California, is a district in which the action originally "might have been brought." Section 1391(a) of Title 28 sets forth the proper forum in which to bring a diversity action. That section provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (1993). The Court concludes that because defendants Madera and Owens are both California residents, the Eastern District of California constitutes a proper place of venue for the trial of this action pursuant to section 1391(a)(1).

To succeed on its motion for transfer, defendant Madera must meet the substantial burden of demonstrating by clear-cut evidence that "the balance of conveniences and the interests of justice favor a trial in the proposed transferee forum." *St. Cyr v. Greyhound Lines, Inc.*, 486 F.Supp. 724, 727 (E.D.N.Y.1980). *Accord Levitt v. Maryland Deposit Ins. Fund Corp.*, 643 F.Supp. 1485, 1492 (E.D.N.Y.1986). In reaching this determination, the court considers a variety of factors, including:

(1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) availability of process to compel the attendance of witnesses to testify at trial; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally, (10) the Court should also consider how best to serve the interest of justice, based on an assessment of the totality of material circumstances.

*Frasca v. Yaw*, 787 F.Supp. 327, 331 (E.D.N.Y.1992).

 Because the courts typically accord the plaintiff's choice of forum "considerable weight," the plaintiff's selection "should not be disturbed unless the balance of the several factors is strongly in favor of the defendant." *O'Brien v. Goldstar Technology, Inc.*, 812 F.Supp. 383, 386 (W.D.N.Y.1993). Thus, it is incumbent upon the moving party to demonstrate " 'a strong case for a transfer' " by showing that the interests of justice and of the parties will be served most fairly and efficiently in the transferee forum. *Id.* at 385 (quoting *Delaware Credit Corp. v. Aronoff*, 1992 WL 170896, *4 [W.D.N.Y. July 10, 1992] ). Where the court finds that the relevant factors balance equally, the plaintiff is entitled to his choice of forum. *Kolko v. Holiday Inns, Inc.*, 672 F.Supp. 713, 715 (S.D.N.Y.1987).

Applying the above criteria to the present action, the Court concludes that Madera has failed to make the requisite showing, and the action should remain in this Court. Defendant's moving papers neglect any discussion or even mention of any one of the extensive list of factors typically considered by the

courts when ruling on a transfer motion. Rather, Madera baldly asserts, without factual augmentation, that litigation of the action in the Eastern District of California would be more convenient. The Court presumes defendant speaks solely on its behalf, urging transfer for its own convenience.

The courts of this Circuit are loath to disturb a plaintiff's choice of venue absent a showing that "the balance of convenience and justice weighs heavily in favor of transfer." *Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902, 908 (S.D.N.Y.1983). Where transfer merely serves to "shift the inconvenience from one party to the other, 'the plaintiff's choice of forum should not be disturbed.'" *O'Brien,* 812 F.Supp. at 386 (quoting *De Luxe Game Corp. v. Wonder Products Co.,* 166 F.Supp. 56, 61 [S.D.N.Y.1958]). Having failed to sustain its burden of showing that the Eastern District of California is the more suitable venue in which to try this action, defendant must try the action here, in plaintiffs' chosen forum.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss for lack personal jurisdiction hereby is DENIED; the motion to dismiss for lack of subject matter jurisdiction is DENIED; the motion for partial summary judgment is DENIED; and defendant's motion to transfer venue is DENIED.

SO ORDERED.