Edwin B. LANCASTER, Plaintiff,

v.

Elodie C. ZÜFLE, Defendant.

No. 95 CV 3932 (BDP).

United States District Court,
S.D. New York.

Feb. 23, 1996.

Maurice A. Curran, Anderson, Banks, Curran & Donoghue, Mt. Kisco, NY, for Plaintiff.

Henry Klein, New Orleans, LA, for Defendant.

## MEMORANDUM DECISION

PARKER, District Judge.

### FACTS

This action to recover on a debt is before this court on Defendant's motion for lack of personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2). The complaint alleges that Defendant Elodie C. Züfle ("Züfle"), on behalf of Silent Partner Body Armor, Inc. ("SPBA"), signed a promissory note payable to Chemical Bank of New York and a security agreement authorizing Chemical Bank of

New York to sell collateral that had been pledged by Plaintiff Edwin B. Lancaster ("Lancaster") in the event of a default on the note. Lancaster executed letters of consent and hypothecation authorizing the collateral ($330,000 in municipal bonds and notes) to be pledged, which was then delivered to Chemical Bank of New York to secure the loan. SPBA defaulted on the note, Chemical Bank of New York sold the collateral, and Lancaster brought this action against Züfle to recover his losses on the debt.

Züfle now moves to dismiss the complaint for lack of personal jurisdiction on the ground that Züfle has not had the constitutionally required "minimum contacts" with New York to satisfy due process for personal jurisdiction under *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

## DISCUSSION

■ At this stage of the litigation, prior to discovery, the plaintiff can defeat a 12(b)(2) motion by making a prima facie showing of jurisdiction solely through allegations. See *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990), *cert. denied*, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990). Because the motion is decided solely on the basis of affidavits and pleadings, doubts as to jurisdiction at this stage must be resolved in favor of the plaintiff. See *Interface Biomedical Laboratories v. Axiom Medical, Inc.*, 600 F.Supp. 731, 735 (E.D.N.Y.1985).

■ For the forum state to constitutionally exercise personal jurisdiction, the Defendant must have established "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. 95, and the Defendant must have "purposefully directed" her activities at the residents of the forum state, and the litigation must "arise out of or relate to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

■ Lancaster contends that Züfle's activities in New York subject her to jurisdiction

under both § 302(a)(1) of New York's long-arm statute, N.Y.CPLR § 302 (McKinney Supp.1986), and the United States Constitution. "In diversity actions, the reach of the court's personal jurisdiction is, of course, determined by New York law." *Continental Field Service Corporation v. ITEC International, Inc.*, 894 F.Supp. 151, 153 (S.D.N.Y. 1995) (citing *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir.1963) (en banc)).

■ Section 302(a)(1) gives New York *in personam* jurisdiction over a non-domiciliary if two conditions are met. First, the nondomiciliary must "transact business" within the state, and second, the claim against the nondomiciliary must arise out of that business activity. See *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981)). Though "a single transaction is sufficient, even if the defendant never enters the state, so long as the defendant's activities [in New York] were purposeful and there is a substantial relationship between the transaction and the claim asserted," *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 527 N.Y.S.2d 195, 198–99, 522 N.E.2d 40, 43 (1988) (citations omitted), the totality of all of the defendant's contacts with the forum must indicate that the exercise of jurisdiction would be proper. See *CutCo Industries*, 806 F.2d at 365 (citing *Sterling National Bank and Trust Co. of New York v. Fidelity Mortgage Investors*, 510 F.2d 870, 873–74 (2d Cir.1975)) (other citations omitted).

■ Lancaster's affidavit in opposition to Züfle's motion alleges the following transactions between Züfle and New York residents were purposeful and are substantially related to the claim. First, Züfle signed a promissory note, as primary obliger, that was payable to Chemical Bank in New York. Although, "[i]t is well settled that 'the mere designation of New York as the site for payment on a promissory note is insufficient to confer jurisdiction over a nonresident defendant,'" *First City Federal Savings Bank v. Dennis*, 680 F.Supp. 579, 584 (S.D.N.Y. 1988) (quoting *Plaza Realty Investors v. Bai-*

*ley,* 484 F.Supp. 335, 346 (S.D.N.Y.1979)) (other citations omitted), the note's "designation of New York as the place of payment is a significant contact" to be considered among the totality of circumstances surrounding the transaction. *First City,* 680 F.Supp. at 586.

■ Second, the promissory note, as well as eight letters of consent to pledge and hypothecation signed by Züfle, each had a New York choice-of-law clause. New York choice-of-law clauses are also significant contacts to be considered in determining personal jurisdiction. See e.g., *First City,* 680 F.Supp. at 586; *Income Fund of Boston v. F.H. Vahlsing, Inc.,* 49 A.D.2d 724, 372 N.Y.S.2d 658, 659 (1st Dep't 1975) (per curiam).

■ Third, Züfle directed Tammy Schwartz, Esq., a New York attorney, to act on Züfle's behalf as attorney-in-fact in connection with the Chemical Bank transaction as well as other New York-based transactions. In general, a written power-of-attorney agreement is a formal contract and creates a principal-agent relationship. See e.g., *Northwestern Nat'l Ins. Co. v. Alberts,* 769 F.Supp. 498, 508 (S.D.N.Y.1991); *Maritime Ventures Int'l, Inc. v. Caribbean Trading & Fidelity, Ltd.,* 689 F.Supp. 1340, 1353, *recon. denied,* 722 F.Supp. 1032 (S.D.N.Y.1989). A principal will be subject to jurisdiction through the actions of her agent, if "the alleged agent acted in the state 'for the benefit of, and with the knowledge and consent of' the non-resident principal," *CutCo Industries,* 806 F.2d at 366 (quoting *Grove Press, Inc. v. Angleton,* 649 F.2d 121, 122 (2d Cir. 1981)) (other citations omitted), and the principal exercised "some control" over the agent. *CutCo Industries,* 806 F.2d at 366 (citing *Grove Press,* 649 F.2d at 122). In the power of attorney agreement, Züfle explicitly directed Tammy Schwartz to act as her agent with respect to, *inter alia,* banking transactions with Chemical Bank of New York. Schwartz then acted upon Züfle's direction, and for the benefit of Züfle, by signing the promissory note, collateral agreement and several other documents on behalf of Züfle to secure a loan and line of credit for SPBA.

■ Fourth, Züfle was the signatory of an SPBA corporate checking account held at Chemical Bank in New York. A checking account in the forum state is a factor weighing towards finding adequate connections to the state. See e.g., *Berk v. Nemetz,* 646 F.Supp. 1080, 1083 (S.D.N.Y.1986).

Finally, Züfle borrowed the money in New York. Züfle argues that all of the documents signed by her were signed in Louisiana, and therefore, she was not doing business in New York. However, this argument has been rejected as a "wooden approach" of "exalting form over substance to defeat the purpose of C.P.L.R. § 302(a)(1)." *Catalyst Energy Development Corporation v. Iron Mountain Mines, Inc.,* 630 F.Supp. 1314, 1316 (S.D.N.Y.1986) (quoting *Lewis & Eugenia Van Wezel Foundation, Inc. v. Guerdon Indus., Inc.,* 450 F.2d 1264, 1267 (2d Cir.1971)). It is the borrowing of the money, not simply the execution of notes, that is the transaction of the business. See *Lewis & Eugenia Van Wezel Foundation,* 450 F.2d at 1267; *Catalyst Energy,* 630 F.Supp. at 1316. Here, the money was borrowed from a New York bank in New York, $50,000 of which was then deposited into Chemical Bank in New York.

The totality of Züfle's alleged acts, whereby she availed herself of the benefits and protection of New York law, constitute sufficient purposeful contacts with New York to bring her within the reach of § 302(a)(1) of New York's long arm statute. See *Bank of New York v. Strumor,* 179 A.D.2d 736, 579 N.Y.S.2d 124 (2d Dep't 1992) (holding jurisdiction over non-resident defendant existed where note was payable in New York, contained New York choice of law clause and proceeds were used to finance New York limited partnership).

■ Züfle's alleged contacts with New York also satisfy the constitutional requirements for personal jurisdiction, subjecting her to the jurisdiction of this forum. See *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The promissory note and other documents that Züfle signed contemplate an ongoing relationship with a New York bank that was to be governed and construed in accordance with New York law. Under such

circumstances, the defendant could reasonably have anticipated being haled into court in New York. See *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *First City*, 680 F.Supp. at 586; *Catalyst Energy*, 630 F.Supp. at 1316–17. In addition, Züfle's borrowing of money from a New York bank substantially relates to Lancaster's claim to recover collateral lost as a result of Züfle's default on that debt. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *CutCo Industries*, 806 F.2d at 368.

Accordingly, Defendant's motion to dismiss for lack or personal jurisdiction is denied.

SO ORDERED.